CHANSE T. STARR,

        Plaintiff,

        v.

ALLEN COUNTY PROSECUTOR'S
OFFICE, et al.,

        Defendants.

CAUSE NO.: 1:19-CV-116-WCL-SLC

OPINION AND ORDER

Chanse T. Starr, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983 against Karen Richardson, Aaron Stoll, the Allen County Prosecutor's Office, and the Commissioners of Allen County as a result of his probation being revoked. ECF 1. Pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. The court applies the same standard as when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at

603. Nevertheless, a *pro se* complaint must be liberally construed "however inartfully pleaded." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Starr alleges that, pursuant to a plea agreement, he was on probation only until June 9, 2017. But, when Starr was charged with public intoxication on September 13, 2017, Karen Richardson and Aaron Stoll charged him with a probation violation. He was found guilty and sentenced to another four years of incarceration. Starr sues the defendants for money damages. However, Starr's claims cannot proceed for several reasons.

Two of the defendants that Starr has named in this lawsuit, Karen Richardson and Aaron Stoll, are immune from suit. "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence. *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003). Because the doctrine of prosecutorial immunity applies, Starr cannot proceed on a claim for damages against Karen Richardson or Aaron Stoll.

Starr's claim against the prosecutor's office fares no better, because it is an arm of the state and therefore entitled to immunity. *See Hendricks v. New Albany Police Dep't*, No. 4:08-CV-0180-TWP-WGH, 2010 WL 4025633, at *3 (S.D. Ind. Oct. 13, 2010)("[S]uing the Prosecutor's Office—a state agency—is akin to suing the State of Indiana itself. Thus, the doctrine of sovereign immunity precludes Plaintiff's suit.").

That leaves only Starr's claims against the Commissioners of Allen County, and the complaint does not make it clear why Starr has included them as defendants here. Outside of the caption, the complaint makes no reference to them whatsoever, and later filings suggests that Starr did not intend to name the commissioners as a defendant in this lawsuit. *See* ECF 7 (listing the defendants in this action as Aaron Stall, Karen Richards, and the Allen County Prosecutor's Office). Furthermore, the facts alleged here do not suggest any viable claim against the Commissioners of Allen County. Additionally, Starr has another pending case based on the same facts. Suing the Allen County Commissioners based on the same factual allegations in two separate cases is malicious. *See Pittman v. Moore* , 980 F.2d 994, 994-95 (5th Cir. 1993) (it is malicious for a plaintiff with *in forma pauperis* status to file a lawsuit that duplicates allegations of another pending lawsuit brought by the same plaintiff); *Lindell v. McCallum* , 352 F.3d 1107, 1109 (7th Cir. 2003) (suit is "malicious" for purposes of Section 1915A if it is intended to harass the defendant or is otherwise abusive of the judicial process). Accordingly, Starr will not be permitted to proceed against the Commissioners of Allen County in this action.

While Starr's complaint requests only monetary damages, he has now filed two motions seeking injunctive relief. To the extent that Starr challenges his confinement, he cannot seek that remedy in a civil rights action. A civil rights action is the appropriate vehicle to seek monetary damages, but a writ of habeas corpus is the exclusive remedy to challenge the fact or duration of confinement. *Glaus v. Anderson,* 408 F.3d 382 (7th Cir.

2005) (explaining the difference between civil rights and habeas remedies). Therefore, Starr's requests for injunctive relief will be denied.

Although it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Such is the case here. Therefore, the case will be dismissed pursuant to 28 U.S.C. § 1915A because it does not state a claim.

Lastly, Starr has filed two motions seeking discovery. Because Starr's complaint is being dismissed for failure to state a claim, these motions must be denied.

For these reasons, the court:

(1) DENIES Chanse T. Starr's Motion for Injunction Relief (ECF 7);

(2) DENIES Chanse T. Starr's Motion for Discovery (ECF 8);

(3) DENIES Chanse T. Starr's Motion for Intergattory Statement (ECF 9);

(4) DENIES Chanse T. Starr's Motion for Injunction (ECF 10); and

(5) DISMISSES this action pursuant to 28 U.S.C. § 1915A because the complaint does not state a claim.

SO ORDERED on May 23, 2019.

s/William C. Lee
JUDGE WILLIAM C. LEE
UNITED STATES DISTRICT COURT